FIELD, PLAINTIFF IN ERROR v. HAHN, ET AL.

Counter-Claim: DEBT OF DEFUNCT CORPORATION: FRAUD. An indebtedness due to defendants from a defunct corporation, of which plaintiff was acting as manager when the indebtedness was created, will not be allowed as a counter-claim in a suit for the price of goods subsequently sold by plaintiff to defendants, although, when they made the purchase, defendants supposed they were still dealing with the corporation, unless plaintiff has notice of such indebtedness, and thereafter concealed from defendants the fact that he had succeeded to the business, and was selling on his own account, and not as manager of the corporation.

*Error to Henry Circuit Court.*—HON. FOSTER P. WRIGHT, Judge.

*F. E. Savage* for plaintiff in error, cited: *Wiggins v. Hammond,* 1 Mo. 121; *Clarkson v. Creely,* 40 Mo. 114; *Oldham v. Henderson,* 4 Mo. 295; *Baker v. Stonebraker,* 36 Mo. 338; *Bernecker v. Miller,* 44 Mo. 102; *Joliffe v. Collins,* 21 Mo. 338.

HOUGH, J.—The defendants were merchants, and prior to January, 1872, were customers of the St. Louis Machine Company, buying from them agricultural implements of various kinds. The plaintiff, J. A. Field, was superintendent of said company and conducted its business. In January, 1872 said company discontinued business, and the defendants thereafter continued purchasing from the plaintiff Field, supposing, as they testified, that he was still acting for said company, though he was in fact selling on his own account. The account sued on contained items from February 28th to October 31st, 1872. The defendants presented a bill against the St. Louis Machine Company, dated in 1871, exceeding the amount of plaintiff's account, which they asked to have allowed as a counter claim against the plaintiff, on the ground that he had concealed from them the fact, that he was dealing on his own account, and was not acting for the St. Louis Machine Company in the sale of the goods sued for. The cause was tried without a jury,

and the court allowed the counter claim and gave judgment for the defendants. The testimony was conflicting as to whether the defendants had notice that the Machine Company had discontinued business in January, 1872. Conceding, however, that the defendants were not notified of the change, we do not think the plaintiff could be held liable for their claim against the Machine Company, unless he had notice thereof and thereafter concealed the fact of such change. Of this there was no evidence. The judgment must be reversed for the further reason that there was no testimony to support the counter claim. Judgment reversed and cause remanded. All concur.

REVERSED.